**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 22-01371-CJC (KESx)                    Date:  August 10, 2022

Title: JOHN LEE V. 1201 ELHSTARWAY, LLC, *ET AL*.

PRESENT:

### **HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

  Rolls Royce Paschal                                    N/A
    Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

    None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AS TO WHY THIS COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT CLAIM AND RELATED STATE LAW CLAIMS**

On July 25, 2022, Plaintiff filed this action against Defendants, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Plaintiff also brings related state law claims for negligence, violation of California's Disabled Persons Act, and violations of California's Health and Safety Code (the "Related State Law Claims").  Plaintiff contends that this Court has supplemental jurisdiction over his Unruh Act claim and Related State Law Claims.  (*Id*.)

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 22-01371-CJC (KESx)                    Date:  August 10, 2022
                                                                                         Page 2

---

　　A number of federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act claims brought alongside ADA claims, citing 28 U.S.C. §§ 1367(c)(2) & (c)(4).  *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030–31 (S.D. Cal. 2017) (declining to exercise supplemental jurisdiction because (1) "Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim" and, (2) because "it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements.").  And the Ninth Circuit has found "exceptional circumstances" within the meaning of 28 U.S.C. § 1367(c)(4) when a plaintiff would be allowed to circumvent and render ineffectual California's "procedural requirements aimed at limiting suits by high-frequency litigants" by filing an Unruh Act claim in federal court and invoking the court's supplemental jurisdiction. *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021).  The Court therefore orders Plaintiff to show cause as to why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim and Related State Law Claims based on the Ninth Circuit's reasoning in *Arroyo*.

　　Plaintiff shall file a response to this Order to Show Cause by **August 18, 2022**.  In his response, Plaintiff shall identify the amount of statutory damages he seeks to recover. Plaintiff and his counsel shall also include declarations in their response which provide all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code §§ 425.55(b)(1) & (2).  Failure to respond to this Order may result in the Court declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and Related State Law Claims.